```
1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Patrick J. Cashman
   Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
6
```

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 01 2023

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:22-CR-60-TOR-1 |
| Plaintiff, | Plea Agreement |
| v. | |
| TYSON J. HORNER, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant Tyson J. Horner ("Defendant"), both individually and by and through Defendant's counsel, Deputy Federal Defender John B. McEntire, IV, agree to the following Plea Agreement.

1.   <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to the sole count of the Indictment filed on May 17, 2022, which charges Defendant with Possession with Intent to Distribute 400 Grams of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), a Class A felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

      a.    a term of imprisonment of not less than 10 years and up to a lifetime;

      b.    a term of supervised release of not less than 5 years and up to a lifetime;

      c.    a fine of up to $10,000,000;

      d.    a $100 special penalty assessment; and

      e.    denial of certain federal benefits.

2.   <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

      a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

      c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.   <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

PLEA AGREEMENT - 2

Defendant understands the following:

    a.    sentencing is a matter solely within the discretion of the Court;

    b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart or vary upward or downward under certain circumstances; and

    f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Denial of Federal Benefits</u>

Defendant understands that by entering this plea of guilty, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

5.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

PLEA AGREEMENT - 3

      a.    pleading guilty in this case may have immigration consequences;

      b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

      c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

      d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6.   <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

      a.    the right to a jury trial;

      b.    the right to see, hear and question the witnesses;

      c.    the right to remain silent at trial;

      d.    the right to testify at trial; and

      e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

PLEA AGREEMENT - 4

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7.  Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Possession with Intent to Distribute 400 Grams of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about March 10, 2022, within the Eastern District of Washington, Defendant knowingly possessed a mixture or substance containing a detectable amount of fentanyl,

    b. *Second*, Defendant possessed the fentanyl with the intent to distribute it to another person;

    c. *Third*, the Defendant possessed with the intent to distribute more than 400 grams of a mixture or substance containing a detectable amount of fentanyl.

8.  Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On March 10, 2022, Columbia River Drug Task Force (CRDTF) Detective Miller and Department of Homeland Security Investigations (HSI) SA Ken West observed a silver Subaru Forrester, Washington license plate BME 2768 arrive in

PLEA AGREEMENT - 5

the supermarket parking lot. Detective Miller visually confirmed the driver and sole occupant of the Subaru was Defendant. The surveillance units observed Defendant drive slowly around the parking lot while on his cellular phone. Within minutes of Defendant's arrival, marked law enforcement units attempted to stop Defendant's vehicle. Defendant fled the supermarket's parking lot at a high rate of speed, eventually leading the pursuing vehicles to an address on Malaga Alcoa Highway, Malaga, Washington. Defendant had crashed the Subaru into a nearby pole at the address and fled into the residence.

Upon the arrival of Detective English at the Malaga Alcoa residence, the homeowner gave the detectives permission to enter the residence. The detectives located Defendant in the back bedroom where he was taken into custody. A search incident to arrest resulted in detectives locating approximately 55 suspected fentanyl pills contained in a plastic baggy. Upon being advised of his *Miranda* warnings, Defendant agreed to speak with detectives and indicated that he hid an additional 5 to 6 "boats" in the back bedroom. A boat is approximately 1,000 pills of fentanyl.

The parties agree and stipulate Defendant possessed 549.3 gross grams of fentanyl pills, a Schedule II controlled substance; the parties also agree and stipulate Defendant possessed those pills with the intent to distribute them. Drug Enforcement Laboratory testing remains pending at this time. However, based upon laboratory results from other cases, the parties agree the weight of an individual pill is approximately .1 gram. Therefore, the parties agree and stipulate the possession of the number of pills involved in this case is in excess of 400 grams of fentanyl.

9. <u>The United States' Agreements</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is

PLEA AGREEMENT - 6

either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

    a.    <u>Base Offense Level and Application of Relevant Conduct</u>

The parties agree and stipulate that Defendant possessed with the intent to distribute at least 400 grams but less than 1.2 kilograms of fentanyl and that this amount encompasses his relevant conduct. Therefore, the parties agree that Defendant's base offense level is 30. U.S.S.G. § 2D1.1(a)(5), (c)(5).

    b.    <u>Special Offense Characteristics</u>

The parties agree that Defendant's base offense level is increased by 2 levels because Defendant engaged in reckless endangerment during the course of this offense. U.S.S.G. § 3C1.2

The parties further agree Defendant does not receive a 2-level increase for possession of a dangerous weapon. U.S.S.G. § 2D1.1(b)(1).

    c.    <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

        i.    accepts this Plea Agreement;
        ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;
        iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

PLEA AGREEMENT - 7

    iv.  provides complete and accurate information during the sentencing process; and

    v.  does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

  d. No Other Agreements

Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

  e. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11. Safety Valve

The parties recognize Defendant may be safety-valve eligible. *See* 18 U.S.C. § 3553(f).

12. Incarceration

The United States agrees to recommend a sentence no higher than the low end of the Guidelines as calculated by the United States or the mandatory minimum, whichever is lower.

Defendant may recommend any legal sentence.

PLEA AGREEMENT - 8

13. <u>Supervised Release</u>

The parties each agree to recommend 5 years of supervised release. In addition to the standard conditions of supervised release imposed in all cases in this District, the parties ask the Court to impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

14. <u>Criminal Fine</u>

The parties recommend no fine be imposed in this matter.

15. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

16. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

PLEA AGREEMENT - 9

17.  **Additional Violations of Law Can Void Plea Agreement**

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any unlawful or unprescribed controlled substance.

18.  **Waiver of Appeal Rights**

Defendant understands he has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives his right to appeal his conviction, but reserves the right to appeal his sentence if the following occurs: 1) Defendant receives a sentence higher than the low end of the Guideline ranger, as calculated by the Court; or 2) the Court applies a specific offense characteristic or adjustment not contemplated by the parties.

Defendant reserves the right to challenge his term of supervised release or any special conditions.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.  **Compassionate Release**

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any

PLEA AGREEMENT - 10

motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a. <u>Medical Condition of Defendant</u>

        i. Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

        ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

    b. <u>Age of Defendant</u>

        i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

PLEA AGREEMENT - 11

        ii.      Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

  c.  <u>Family Circumstances</u>

        i.      The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

        ii.      Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

  d.  <u>Subsequent Reduction to Mandatory Sentence</u>

        i.      Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

        ii.      after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

        iii.     the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

  e.  <u>Ineffective Assistance of Counsel</u>

        i.      Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

                1.     did not know at the time of Defendant's guilty plea, and

PLEA AGREEMENT - 12

    2. could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

20. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

  a. this Plea Agreement shall become null and void;

  b. the United States may prosecute Defendant on all available charges;

  c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

  d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

PLEA AGREEMENT - 13

21. Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    2-1-23
Patrick J. Cashman             Date
Assistant United States Attorney

PLEA AGREEMENT - 14

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    2/1/23
Tyson J. Horner                     Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    2/1/23
John B. McEntire, IV                Date
Attorney for Defendant

PLEA AGREEMENT - 15